UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DANIELLE WEISS, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 7:13-CV-104-BL |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | § § § § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Pursuant to 42 U.S.C. § 405(g), Plaintiff Danielle Weiss (Weiss or Plaintiff) seeks judicial review of the decision by the Commissioner of Social Security (Commissioner) denying her application for supplemental security income (SSI) under Title XVI of the Social Security Act (Act). All parties consented to the jurisdiction of the United States Magistrate Judge (Docs. 17, 18), and the U.S. District Judge ordered the case be reassigned to this court pursuant to 28 U.S.C. § 636(c). After considering all the pleadings, briefs, and administrative record, this court will affirm the Commissioner's decision and dismiss Plaintiff's complaint.

### I. STATEMENT OF THE CASE

Plaintiff originally filed her Title XVI claims on April 20, 2010, alleging disability beginning February 6, 2010. Tr. 10. The Commissioner denied her claim initially on September 2, 2010, and again upon reconsideration on March 22, 2011. *Id.* Plaintiff appealed and a hearing was conducted by an Administrative Law Judge (ALJ) on December 18, 2012. *Id.* at 31–58. On

March 5, 2013, the ALJ issued her disability determination. *Id.* at 10–20.

Specifically, the ALJ held that Plaintiff: did not engage in any substantial gainful activity after her application date; had three severe impairments (kidneys, depression, and anxiety), none of which alone or in combination met a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1; had the residual functional capacity (RFC) to perform light work with several restrictions; and could not perform any of her past relevant work. *Id.* at 12–18. However, the ALJ determined that given Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform, and Plaintiff was accordingly not disabled under the Act. *Id.* at 19.

The Appeals Council denied review on June 25, 2013. *Id.* at 6–9. Id. at 1–4. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating the Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

When she applied for SSI, Plaintiff was a single, twenty-two year-old mother of one. Tr. 38. Having finished eleventh grade and earning a GED, Plaintiff worked as a waitress, a hospital housekeeper, a home health care giver, and a nightclub dancer. *Id.* at 38, 41. Plaintiff alleges that since she was an infant, she has had kidney complications, particularly in her left kidney. *Id.* She had her first kidney operation when she was approximately three weeks old; ever since, Plaintiff alleges problems—primarily in the form of urinary tract infections (UTI) which she alleges keep her in bed for three or four days—have continued throughout her life. *Id.* at 47, 54. Additionally, Plaintiff was first treated for depression when she was ten years old. *Id.* at 49. She alleges her

2

continuing depression, combined with anxiety and kidney problems, render her disabled.

### III. STANDARD OF REVIEW

A person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b) (2013).

To evaluate a disability claim, the Commissioner follows "a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

This court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and

whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson*, 309 F.3d at 272; *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "'[c]onflicts in the evidence are for the Commissioner and not the courts to resolve.'" *Id.* (quoting *Newton*, 209 F.3d at 452.).

## IV. DISCUSSION

Plaintiff raises a single issue on appeal to this court. Plaintiff claims the ALJ erred by not making an explicit finding as to Plaintiff's ability to maintain employment.

### A. LAW

In *Watson v. Barnhart*, the Fifth Circuit Court of Appeals held that the ALJ erred when he did not make a finding whether Plaintiff could maintain, as well as obtain employment. 288 F.3d 212. However, the extra finding whether a claimant can maintain employment is not always required. *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003). The Fifth Circuit, in *Frank v. Barnhart*, explained that "*Watson* requires a situation in which, by its nature, the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms." *Id.* at 619; *accord Easom v. Colvin*, 2013 WL 2458540, at *9 (N.D. Tex. June 7, 2013) (Order Accepting

Findings, Conclusions, and Recommendation of the United States Magistrate Judge) ("Any such required extra finding must be predicated on the claimant having an impairment that waxes and wanes in its manifestation of disabling symptoms.").

The ALJ's duty to make a separate maintenance finding is encapsulated in *Dunbar v. Barnhart*, where the Fifth Circuit held, "absent evidence that a claimant's ability to maintain employment would be compromised despite [her] ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of RFC, [the court does] not . . . require a specific finding that the claimant can maintain employment." 330 F.3d 670, 672 (5th Cir. 2003); *accord Patterson v. Astrue*, 324 F.App'x 419, 422 (5th Cir. 2009) (unpublished); *Perez*, 415 F.3d at 465.

B. APPLICATION

The court considers the second part of *Dunbar's* explanation first. As to "an indication the ALJ did not appreciate that maintenance is inherent in RFC," the contrary is present here. In describing RFC, the ALJ wrote, "An individual's residual functional capacity is her ability to do physical and mental work on *a sustained basis* despite limitations from her impairments." Tr. 11 (emphasis added). The ALJ cited SSR 96-8p, which describes RFC as "an individual's ability to do sustained work-related physical and mental abilities in a work setting on a regular *and continuing basis*." SSR 96-8p, 1996 WL 374184 (July 2, 1996) (emphasis added). The ALJ next cited 20 C.F.R. § 416.945, which makes clear that the Commissioner assesses a claimant's physical and mental abilities and "determine[s] [a claimant's] residual functional capacity for work activity on a regular *and continuing basis*." 20 C.F.R. § 416.945(b), (c) (emphasis added). Thus, there is no indication that the ALJ did not appreciate that maintenance of a job is inherent

5

in RFC.

Next, Plaintiff fails to show that her "ability to maintain employment would be compromised despite [her] ability to perform the employment as an initial matter." *Dunbar*, 330 F.3d at 672; *Patterson*, 324 F.App'x at 422.

Plaintiff asserts that her problems "wax and wane." Pl.'s Br. 10–11. However, "it is not enough for a claimant to assert, in general, that the impairment waxes and wanes; the claimant must demonstrate that her particular impairment waxes and wanes." *Thornhill v. Colvin*, No. 3:14-CV-335-M, 2015 WL 232844 (N.D. Tex. Jan. 16, 2015) (Order Accepting Findings and Recommendation of the United States Magistrate Judge) (internal quotation marks omitted).

The record does not suggest that Plaintiff's impairments wax and wane. Instead, Plaintiff attempts to show she cannot work at all. Plaintiff presents a case of averages, arguing that over a period of time she was regularly treated for her infirmities. Pl.'s Br. 11–13. This seems to indicate steady health conditions.[1] Plaintiff does not "identif[y] or demonstrate[] the existence of waxing and waning symptoms that would satisfy the *Frank* and *Watson* standard." *Easom*, 2013 WL 2458540, at *9. "The evidence required by *Dunbar*—that the plaintiff could start working but could not continue, or that the ALJ did not know that working on a regular and continuing basis is part of the RFC—is completely lacking here." *Id.*

In sum, Plaintiff does not show that the conditions are present requiring the ALJ to make a separate finding that Plaintiff could maintain employment. *See Frank*, 326 F.3d at 619; *Dunbar*, 330 F.3d at 672; *Easom*, 2013 WL 2458540, at *9. Substantial evidence supports the ALJ's determinations. *See Perales*, 402 U.S. 389. "If the [Commissioner's] findings are supported by substantial evidence, they are conclusive and must be affirmed." *Selders v.*

---

[1] Uniformity in health condition is not necessary. *Watson*, 415 F.3d at 465 ("It is axiomatic that the pain from any type of ailment will vary in intensity, especially the farther one gets from the treatment that alleviates pain.").

*Sullivan*, 914 F.3d 614, 617 (5th Cir. 1990).

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is **AFFIRMED** and the complaint is **DISMISSED**. Any appeal shall be to the Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 636(c)(3).

**SO ORDERED**.

Dated this 11th day of February, 2015.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**